**[J-70-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| BASS PRO OUTDOOR WORLD LLC, | : | No. 8 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1085 MDA |
| | : | 2022 entered on May 24, 2023, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Dauphin County Court |
| | : | of Common Pleas, Civil Division, at |
| HARRISBURG MALL LIMITED | : | No. 2018-CV-06921-CV, entered on |
| PARTNERSHIP, | : | July 8, 2022. |
| | : | |
| Appellant | : | ARGUED:  October 10, 2024 |

**DISSENTING STATEMENT**

**JUSTICE WECHT**                                                **FILED:  October 25, 2024**

On February 21, 2024, we issued an order that granted allowance of appeal in this case.  We agreed to answer the following question: "Whether the Superior Court conflated the duty to indemnify with the duty to defend in interpreting a lease that required a landlord to indemnify a tenant for any 'expense, including reasonable attorneys' fees' arising from tenant's use of a common parking lot?"[1]

It is true enough that we were not bound to issue this order; we deny the overwhelming majority of such petitions.  But we did issue it.  And when we did, we triggered a cascade of events.  Presumably, and at some not inconsiderable expense: the parties consulted with their attorneys; the attorneys researched and prepared thorough briefs on the subject at hand; the parties reviewed and approved those briefs; and the attorneys spent some quantum of billable time preparing for, traveling to, and

---

[1]    *Bass Pro Outdoor World LLC v. Harrisburg Mall Ltd. Partnership*, 313 A.3d 948 (Pa. 2024) (*per curiam*).

providing oral argument. It is no small thing to complete these tasks proficiently, and we expect nothing less of parties and counsel every time we grant allowance of appeal.

Today, despite having solicited and benefited from full and capable briefing and oral advocacy provided by the parties' attorneys, this Court has decided not to answer the question.

From time to time, this Court dismisses cases as improvidently granted. This occurs for various reasons, ranging from the jurisdictional to the prudential, and such dismissals sometimes serve an important function. But neither party here has brought anything to our attention, nor have I detected anything since we granted review, that suggests that this should be such a case. I discern no procedural or jurisdictional defect. There is no question of mootness or waiver. The facts and circumstances of this case have not changed. "There appears to be no reason to dismiss this appeal beyond an apparent change in the Majority's willingness to consider the significant legal question that it raises."[2]

The unavoidable reality of this Court's decision not to decide this case is that the parties' extensive efforts have proved to be in vain—an expenditure of time and money with no return on the investment. Just as regrettably, we forego the opportunity to provide clarity to those who are parties to commercial leases governed by Pennsylvania law, as well as to their attorneys and to any courts called upon to interpret such agreements.

I would answer the question that we set out to answer. I respectfully dissent.

---

[2] *Commonwealth v. Thompson*, 315 A.3d 1277, 1278 (Pa. 2024) (Wecht, J., dissenting).